Wickham, J.
This action was brought by the plaintiff in the Probate Court of Richland County, to appropriate a right-of-way across the lands of the defendants for an electrice 'railroad. The road was constructed and in operation when the petition was filed. The cause was tried in the probate court, a verdict was rendered for the defendants finding the value of the lands taken, and the damages to the residue. A judgment was rendered on the verduct, a motion for a new trial was filed and overruled, and a petition in error filed in this court to reverse that judgment.
The plaintiff in error claims there was error prejudicial to it in the trial in the court below in:
1. The exclusion of evidence offered by the plaintiff in error.
2. The admission of evidence offered by the defendants in error.
*66 3. The court’s charge to the jury, and
4. ' -The re'fusal'tó charge as requested by the plaintiff'in error.
We will consider these assignments of error in their order.
1. Was there error in the exclusion of evidence offered by the -plaintiff in error ? . '
It was the opinion of counsel for plaintiff in error at the time of the trial below, and is argued by-them here, that the rule of damages- to the residue of the land after deducting the amount actually appropriated, would be the difference in value,of that residue before the road was- built and its value after, taking into account the general benefits to the farm, or thé amount'it would be enhanced in value by reason of the conveniences afforded-by the road.'
Entertaining this view, counsel asked James Dempsey, a' witness for,the defendants, on cross-examination (Rec., p. 75) :
“Q- Don’t you think, Mr. Dempsey, if that farm was put on the market it' would sell better with the electric line through' there than it would without ? ’ ’
Again, on the same page:
“Q- Considering what .accommodations and . conveniences come to that farm by reason of. the electric line, don’t you. believe it would bring -on the market today more than it would if the line was not there ? ’ ’
Isaac Stein was,called as a witness for the defendants, and testified to the value of the residue before and after the road was built, and on cross-examination by plaintiff in' error he was asked (Rec., p. 8) :
‘•‘Q- You would not consider it (the railroad) any convenience, would you?
“Q. .Do you consider that the electric line would: not add anything to the value of the farm?
“ Q. ■ In fixing' the value of the farm before and. after the construction of the line, you don’t take into consideration the convenience that the road is to the farm ? ’ ’
On page 10:
- “Q.- Do you-think that the farm would not bring more today than it would before the road was constructed?
*67 “Q. Do you think that the farm iu the same market would not bring more after the road was constructed than it would without it?
‘‘ Q. Isn’t it .a fact, Mr. Stein, that when these farms throughout the country are put on the market, one of the elements argued in favor of them is that they have an electric railroad in front of them ? ”
Defendants’ witness, Gautschall, who testified in chief that the land was worth $100 an acre before the road was constructed, was asked on cross-examination (Rec., p. 54):
“Q. Now. considering all the conveniences the farm gets from the railroad, and the depreciation that is caused by the railroad passing along it—considering everything that would go to enhance the farm because of the construction of the railroad and the running of cars there—do you say that farm is not worth $100 an acre?”
Objections by the defendants were sustained to all these questions by the trial court. There were other questions asked these and other witnesses called bjr the defendants, to which exceptions were sustained, but they were of the same character as questions cited,-and it would serve no useful purpose to refer to them.
In addition to the evidence excluded on cross-examination, plaintiff in error called witnesses who -testified in chief that the farm was worth as much or more after the construction of the road than before. And when it was made to appear by cross-examination that these witnesses, in fixing the value of the farm after the road was built, took into account the enhancement of the value by reason of the conveniences offered by the road, the court sustained motions to exclude that part of the answers fixing the value after the construction of the road. • And these are as-. signments of error on the ground of exclusion of evidence.
In our opinion-this evidence offered by the plaintiff in error was incompetent, and was rightly excbrded by the trial court. The rule of damages in such cases was established by our Siipreme Court in an early case, and, wc believe, has never been deviated from, except in rare cases and'under peculiar facts, as where local incidental benefits accrue to the land by reason of the improvement, which is not true in the case at bar. And when such facts exist the case is regarded as an exception to the *68 general rule of cases. I refer to Geisey v. Ry. Co., 4 O. S., 308, and read tlie last two paragraphs of the syllabus of that case;
“The provisions of Article I, Section 19, and Article XIII, Section 5, of the Constitution—the one requiring compensation to be made without deduction for benefits, when property is appropriated to public use; and the other providing for compensation irrespective of benefits, where it is taken by a corporation for a right-of-way—are, in legal effect, identical.
“•When taken under either section its fair market value in cash, at the time it is taken, must be paid the owner, and the jury, in assessing the amount, have no right to consider or make any use of the fact that it has been increased in value by the proposal or construction of the improvement.”
• This authority is followed by other decisions of our supreme and circuit courts. Ry. Co. v. Ball, 5 O. S., 568; Ry. Co. v. Longworth, 30 O. S., 108; Lorain St. Ry. Co. v. Sinning, 17 C. C., 649; Martin v. Village of Bond Hill, 7 C. C., 271.
In addition to the foregoing questions, Mr. Dempsey was asked some questions on cross-examination by plaintiff in error relative to' some offer or offers he had received for the farm and certain chattel property; and also, whether he had not offered the farm for sale since the road was constructed for $35,000.
Exceptions were sustained to these questions, and it is- claimed that was error.
What Mr. Dempsey may have asked for the farm would not be competent evidence of its value;- and if it were, it would.include the general benefits .to the farm, if any, derived from the conveniences of the road. Much less would it be competent to testify what he had asked for the farm and certain chattel property.
There was no error in the exclusion of this evidence.
2. Was there error in the admission of evidence offered by defendants in error?
The error complained of in this behalf was testimony tending to show that there was about thirteen miles of tile drainage in the farm, and that when the railroad was constructed some of the .tile drains were disturbed and, as drains, Avere destroyed, for the Avant of an outlet.
*69 We think it ivas proper to show the condition of the farm after the construction of the road for the purpose of determining its cash value. Its condition could only be shown by proving what change was made in it by the construction of the road. With its drainage destroyed; it would be land without drainage, and that is certainly an element to be considered in fixing the value of lands.
As we understand the record, the evidence was offered for that purpose and no other. It was not offered to show any special damage ■ to ■ the underground drains. No question was asked a witness, and no witness attempts to fix any amount of damages arising from the disturbance of drains. ■
There was no error in the admission of that evidence.. .
3. Was there error in the court’s charge?
Plaintiff, in error claims error prejudicial to it-in the. court’s charge in two particulars. The court charged:
“In finding the value of the residue of the land you will not take into consideration any general'benefits which might accrue ■to said farm by reason of the construction and operating a traction line through said farm. By general benefits is meant such benefits as are shared by the property owners generally along said traction line; if, however, you find any incidental local benefits, such as apply alone to this farm or tract of land, and not to the lands generally along the route of said traction line, you may consider them in estimating damages. ’ ’
We have already seen that under thé Constitution, and decisions of our courts, a land owner is entitled to compensation for land taken and damages, without deduction for general benefits, and there was no error in that part of the charge in which the court so instructed the jury.
It is not altogether* clear to the court on what ground the plaintiff in error claims error in this particular paragraph of the trial court’s charge. The paragraph may be separated into three elements or parts: ■
1. The instruction that general benefits are not to be deducted.
2. The definition of general benefits.
3. The instruction in reference to incidental local benefits.
*70 We have already said there w.as no error in 'instructing the jury that no deduction should be made for general benefits. Nor do we think the court’s definition of general benefits was error prejudicial to plaintiffs in error. We are inclined to think the definition is inaccurate and too limited; if so, the limitation and inaccuracy is more favorable to the plaintiff in error than otherwise. *
The part relative to local incidental benefits should have been omitted. The facts of the case did not call for it. We regard it, however, as harmless to plaintiff in error. Its "effect is, altogether, problematical. It might be nil, or it might mislead the jury in favor of the plaintiff in error; it could not in any event prejudice it.
We find no prejudicial error in the charge.
4. Did the trial court err'in refusing to charge as requested by plaintiff in error? The plaintiff below, plaintiff in error here, presented to .the court six special instructions in writing, which it asked the court to give to the jury. The first request the cotirt gave in the general charge, in substance, and in nearly the language asked. No special error is now claimed by counsel in argument for the refusal of the court to give this request as presented.
The second request contains the following:
“And if its value (the residue of the land) is greater (after construction) than the value before the construction thereof, then your verdict should be for the plaintiff, the railroad company.”
The effect of that instruction would be that the railroad company would have the right to take the land of the defendants without compensation, and also require the defendants to pay the railroad company a sum of money equal to the enhanced value of the farm. No one would seriously contend that to be the law.
The third request is substantially the same as the second.
The fourth request, if given, would have 'required the jury to take into consideration the general benefits of the residue of the land in finding its value, and was properly refused.
The fifth was no instruction, but rather in the form of a special verdict, and was in bad form as a special finding of fact.
*71 • The sixth request was as follows:
“You have viewed the premises and observed the condition, and if the' evidence of witnesses is contrary to your own observation, you are at liberty to adopt your observation and ignore the conflicting evidence.”
This instruction, if given, would be telling the jury their view of the premises was evidence, and better evidence than the testimonj'- of 'witnesses, if such testimony conflicted with the physical facts of the land as the jury observed them. A complete and conclusive answer to the claim of plaintiff in error that the refusal of this request was error, is the syllabus in the case of Zanesville, Marietta & Parkersburg Railroad Co. v. Bolen, 76 O. S., 376:
“The impressions made on the minds of the jurors in an appropriation case by a view of the premises, are not of' themselves evidence in the cause. Hence, a bill of exceptions which contains all-the evidence given in court at the trial is, with a record otherwise complete, sufficient to present to a reviewing court the question of the weight of the evidence.”
We find no error in the record in this case prejudicial to the plaintiff in error, and the judgment is affirmed.